## UNION COUNTY.

JANUARY TERM, 1881, No. 381.　　　　JANUARY 18TH, 1882.

## Albright *versus* Leiser.

1. After the filing of the report of a referee, and argument upon exceptions, all of the papers, records, reports, and everything connected with the case, were accidentally destroyed by fire. The referee filed a subsequent report, reciting that he had, in his previous report, decided that the action would not lie, and confirming the judgment and finding therein contained. The Court below discharged a rule to set aside the agreement of reference. *Held,* that, in the absence of the original report of the referee, there was nothing on the record from which the Court could say that there was error in the judgment of the Court below.

2. The Court below had no power to set aside the submission.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas of *Union County.*

*Assumpsit* by Chester E. Albright against Jacob J. Leiser.

After the case was at issue, it was submitted to Lewis V. Housel, as referee, by agreement. The referee filed his report August 9th, 1879, and on the 12th of the same month exceptions were filed.

On the 16th of November, 1880, the plaintiff presented a petition, asking that the order of reference be rescinded, setting forth "that the case was proceeded so far before him (the referee) that the testimony was taken, a report made, exceptions filed and argued, when, before the same were disposed of, all the papers, records, reports, and everything connected with the case, were burned up in the great fire at Milton on the 16th day of May last. Since then, nothing has been done in the case"

December 10th, 1880, the referee filed the following report:

"The referee, in the above-stated case, having decided, on the 9th day of August, A.D. 1879, that the action of *assumpsit* would not lie, and on August 12th, A.D. 1879, exceptions

[Albright *v.* Leiser.]

were filed to said report, and argument was held to said objections before the undersigned referee, in the borough of Milton, on the ——— day of ———, A.D. 1880, it is hereby ordered and decreed that the judgment and finding of the referee is hereby confirmed in the above stated case, with costs to be paid by the plaintiff."

The plaintiff filed exceptions to this report on the following grounds:

1st. The report is not in accordance with the act of Assembly in such case made and provided, that "the decision shall be made in writing, stating separately and distinctly the facts found, the answers to any points submitted in writing by counsel, and the conclusions of law."

2d. To the decision of the referee that "the action of *assumpsit* would not lie."

3d. To the order that the judgment and finding of the referee be confirmed, with costs to be paid by the plaintiff.

4th. That the report does not find all the material facts, has not that fulness and certainty, so that the judgment is a conclusion of law on the facts.

January 28th, 1881. The Court granted a rule on the defendant to show cause why the agreement of reference should not be set aside, and the cause again put on the issue list.

This rule the Court below, BUCHER, P. J., discharged, saying:

" The plaintiff instituted an action of *assumpsit* against the defendant to recover a balance alleged to have been struck in his favor, on a settlement of partnership accounts.

" The cause was placed at issue, and during the trial, which involved a settling of the partnership accounts, the parties, by their agreement in writing, dated June 1st, 1878, referred the cause to L. V. Housel, Esq., referee, agreeably to the provision of the Act of May 14th, 1874, P. L., 1874, page 166.

" On the 9th of August, 1879, the report of the referee was filed, in which he dismissed the case upon the ground that an action of *assumpsit* would not lie, but the remedy of plaintiff was by account-render or bill in equity. On the 12th of August, 1879, exceptions were filed by the plaintiff to the report. These exceptions were placed upon the current argument list, where they were not reached in regular order for some time, owing to the absence of counsel. When they were reached, we refused to entertain them, because the act of Assembly, under which the referee was appointed, clothed him with the sole power to pass upon them. The exceptions were then made before the referee, but, before he rendered his decision, all the papers were destroyed by the great fire at Milton, on the 16th day of May, A. D. 1880.

[Albright *v.* Leiser.]

But, notwithstanding the destruction of the papers by the fire aforesaid, the referee did act, and upon the 10th day of December, 1880, filed his report, dismissing the exceptions at the costs of the plaintiff. To this report exceptions were filed January 5th, 1881. Then, on the 28th day of January, A. D. 1881, plaintiff took this rule, alleging that, by reason of the destruction of all the papers by fire on May 16th, 1880, it was impossible for the referee to act, and asking the Court to strike off the agreement of submission, and reinstate the case on the trial list.

" Have we the power to make the rule absolute?

" It is urged that we have, under the 6th section of the Act of May 14th, 1874, P. L., 1874, page 167, which section reads as follows, to wit: ' . . . . But, if the referee shall die before rendering his decision, or if it becomes impossible for him to act, or for the parties to obtain his decision in a reasonable time, through the fault of said referee, the court in which the suit is pending, after proper application by a party in interest, may, after due notice to the other parties, set aside the agreement of submission, and in such case the costs accrued shall be treated in all respects as part of the docket costs.'

" The section gives the Court power to set aside the submission in three instances:

" 1st. When the referee dies.

" 2d. When it becomes impossible for him to act.

" 3d. When it becomes impossible for the parties to obtain his decision in a reasonable time through the fault of the referee.

" It has been seen from a statement of the facts, that the case does not fall within any of the three contingencies, upon the happening of which the courts have power to strike off the submission. The allegation is that it was impossible for the referee to act, because the papers had been destroyed by fire; but the referee did act before the fire, and filed his report dismissing the exceptions notwithstanding the fire.

" The plaintiff's case, then, is this : he asks us to set aside the report, because he thinks there is error in it, and he can not have the same reviewed in the Supreme Court, to which tribunal he must go in order to convict the referee of error.

" It may be there is error in the report ; but the presumption is there is none. We cannot set aside the submission after the report is made (as is the case here), simply because the plaintiff alleges there are errors in it, which cannot be corrected otherwise. The act of Assembly gives no such power, and we must, therefore, decline to interfere."

The plaintiff excepted to this decision, and took out a writ

of error, assigning that the referee erred as set forth in the exceptions filed to his report, and that the Court erred in discharging the rule to rescind the order of reference.

*J. Merrill Linn*, for plaintiff in error.

The referee could not act after everything was burned up.

The act requires that "the decision shall be in writing, stating separately and distinctly the points submitted, and the conclusions of law, and shall be filed in the office of the prothonotary or clerk of the proper court where the case is pending, etc. . . . . . If exceptions to the finding of the facts, or conclusions of law, be filed within said thirty days, the Court, etc. . . . . may, upon argument, order judgment to be entered according to the decision previously filed, or make such modifications thereof, as in justice and right shall seem proper, subject always, nevertheless, to review by writ of error or appeal in the Supreme Court." Purdon, 1939. The referee has the power, and performs the duties, that would belong to the Court, under a like submission. Act of 14th May, 1874; Purdon, 1940.

The report must find all the material facts, and be self-sustaining: Vansyckel *v.* Stewart, 77 Penna. Stat., 124.

The finding of facts and conclusions of law must be separate: Weil *v.* Frauenthal, 2 Luz. L. R., 96.

*Oscar Foust*, for defendant in error.

The legal presumption is that the referee did his whole duty under the act of Assembly, and that the judgment entered by him on his report is correct. It is the duty of the plaintiff in error to show wherein the referee or the Court below erred.

This, we believe, they have totally failed in doing, and, therefore, the judgment should be affirmed.

MAY 15TH, 1882.—PER CURIAM: We have nothing on this record from which we can say that there was any error in the judgment of the Court below. It is, perhaps, the misfortune of the plaintiff in error that the report of the referee was accidentally destroyed by fire. There was clearly no power in the Court to set aside the submission. The referee had acted and made his report, and, unless it is made to appear that there was error in it, we cannot reverse the judgment.

Judgment affirmed.